IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **C.L. RITTER LUMBER COMPANY, INCORPORATED,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:11CV00019 |
| v. | ) ) | **OPINION AND ORDER** |
| **CONSOLIDATION COAL COMPANY, ET AL.,** | ) ) ) | By:  James P. Jones United States District Judge |
| Defendants. | ) | |

*J. Scott Sexton, Gentry Locke Rakes & Moore LLP, Roanoke, Virginia, for Plaintiff; James R. Creekmore, Keith Finch, Brian S. Wheeler, and Blair N.C. Wood, The Creekmore Law Firm PC, Blacksburg, Virginia, for Defendants.*

In this civil action based on the court's diversity jurisdiction, the plaintiff seeks injunctive and monetary relief for damage to mineral property as a result of allegedly contaminated water.  The defendants filed a Motion for a More Definite Statement and Motion to Dismiss.  The motions were referred to a magistrate judge pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2006 & Supp. 2011) and Federal Rule of Civil Procedure 72(b) for findings and recommendations.  After briefing and oral argument by the parties, the magistrate judge has issued her Report and Recommendations, *C.L. Ritter Lumber Co. v. Consolidation Coal Co.*, No. 1:11CV00019, 2011 WL 3793320 (W.D. Va. Aug. 25, 2011) (Sargent, J.), to which the defendants have filed timely Objections.

After careful de novo review of the Objections, I will accept the magistrate judge's Report and Recommendations, based upon her well-reasoned opinion. I need make only the following comments.

Only in "rare circumstances" is it possible to decide a statute of limitations defense on a Rule 12(b)(6) motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Accordingly, the argument by the defendants that the plaintiff is not entitled to the benefit of the favorable discovery rule of CERCLA because it has not met the conditions of that statute cannot be determined on the present pleadings. In accepting the magistrate judge's recommendations, I have no occasion to predict any ruling on the statute of limitations after the facts have been developed in the case.

In regard to the plaintiff's trespass claim, I agree with the magistrate judge that the plaintiff has sufficiently pleaded facts showing that it has standing to pursue such a claim. *See Levisa Coal Co. v. Consolidation Coal Co.*, 662 S.E.2d 44, 59-60 (Va. 2008) (holding that plaintiff had legal standing to pursue a continuing trespass claim where there was proof that the flooding of mine works by a coal lessee might damage plaintiff's ability to exploit its separately retained coal and gas reserves).

Accordingly, it is **ORDERED** as follows:

1. Defendants' Objections (ECF No. 25) are OVERRULED;

2. The Report and Recommendations (ECF No. 24) are ACCEPTED;

3. Defendants' Motion for a More Definite Statement (ECF No. 8) is DENIED;

4. Defendants' Motions to Dismiss (ECF No. 8) are GRANTED IN PART AND DENIED IN PART;

5. Count II of the Complaint (entitled "Waste against Consolidation") is DISMISSED;

6. Count X of the Complaint (entitled "Breach of Duty as Operator by Consol") is DISMISSED;

7. Plaintiff's claim in the Complaint for attorneys' fees is DISMISSED; and

8. Defendants' Motions to Dismiss are otherwise DENIED.

ENTER: October 19, 2011

/s/ James P. Jones
United States District Judge